JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-01999-JLS-PVC                           Date: April 05, 2023
Title:  Alamitos Gardens, LP v. Matthew Saavedra

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| V.R. Vallery | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANTS:

Not Present                                                          Not Present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER REMANDING ACTION TO LOS ANGELES COUNTY SUPERIOR COURT, CASE NO. 22LBUD03106**

  Plaintiff Alamitos Gardens, LP filed this unlawful detainer action against Defendant Matthew Saavedra on December 27, 2022 in Los Angeles County Superior Court, Case Number 22LBUD3106.  (Notice of Removal ("NOR"), Doc. 1 at 1.)  On March 17, 2023, Saavedra removed this action on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331.  (*Id.* at 2.)  Where a federal district court lacks subject matter jurisdiction, it must remand the case, and has the discretion to do so *sua sponte*.  *See Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) (citing 28 U.S.C. § 1447(c)).  For the reasons discussed below, the Court *sua sponte* REMANDS this case to the Los Angeles County Superior Court.

  When reviewing a notice of removal, "it is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006)) (quotations and alterations omitted).  Courts "strictly construe the removal statute against removal jurisdiction," thus "the defendant always has the burden of establishing that removal is proper."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-01999-JLS-PVC                                  Date: April 05, 2023
Title:  Alamitos Gardens, LP v. Matthew Saavedra

1992).  Moreover, "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Saavedra asserts that federal question jurisdiction exists because his Answer "depends on the determination of Defendant's rights and Plaintiff's duties under federal law." (NOR at 3.)  In the first place, he does not assert what federal rights are implicated; the only statute he references is "The Protecting Tenants Moratorium Act [1179.10(b)]" which appears to be a reference to section 1179.10 of the California Code of Civil Procedure.  (NOR at 2.)  Further, the fact that Saavedra believes that the matter presents federal questions is not an adequate grounds for federal jurisdiction.  "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392 (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112–13 (1936)).  Because Plaintiff's complaint contains only an unlawful detainer action based on California Civil Procedure Code section 1161 (Doc. 1 at 5–10) a federal question does not present itself.  *See IndyMac Fed. Bank, F.S.B. v. Ocampo*, No. 09-2337, 2010 WL 234828, at *2 (C.D. Cal. Jan. 13, 2010) (remanding an action to state court for lack of subject-matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim); *Galileo Fin. v. Miin Sun Park*, 2009 WL 3157411, at *1 (C.D. Cal. Sept. 24, 2009) ("Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law.  Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists."). Accordingly, removal pursuant to 28 U.S.C. § 1331 is improper.

For the foregoing reasons, the Court concludes that it lacks subject matter jurisdiction over this case, and REMANDS it to Los Angeles County Superior Court, Case No. 22LBUD03106.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-01999-JLS-PVC                                         Date: April 05, 2023
Title:  Alamitos Gardens, LP v. Matthew Saavedra

Initials of Deputy Clerk: vrv